**In re Bruce A. BURTON, Debtor.**

No. 06–15606.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Dec. 13, 2007.

733

Charles J. Van Ness, Mayfield Heights, OH, for Debtor.

Brian A. Bash, Cleveland, OH, Trustee.

Maria D. Giannirakis, Office of the U.S. Trustee, Cleveland, OH, for U.S. Trustee.

---

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

This matter is before the Court on the Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(b)(2) and (3) (the "Motion") filed by the United States Trustee for Region 9 (the "Trustee") over the objection of Bruce A. Burton (the "Debtor").

On June 29, 2007, this Court issued a Memorandum of Opinion and Order denying the Trustee's Motion, in part, by finding that the presumption of abuse did not arise pursuant § 707(b)(2) warranting dismissal of the Debtors' case. Therefore, the remaining issue before the Court is whether, based on the totality of the circumstances, abuse arises meriting the dismissal of the Debtors' case.

This Court acquires core matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), (b)(1), 28 U.S.C. § 1334 and General Order No. 84 of the District.

After a review of the record in this case, the following findings of fact and conclusions of law are hereby rendered.

\*

On November 13, 2006 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Although an evidentiary hearing was scheduled for September 20, 2007, the Trustee and the Debtor agreed to submit supplemental briefs in lieu of an evidentiary hearing on the sole remaining issue of whether repayment of a 401(k) loan constitutes a circumstance of the Debtor's financial situation to be considered in determining abuse. In addition, the Debtor concurrently filed amended schedules to reflect changes to his financial circumstances.

The Debtor's petition sets forth $459,587.75 in total liabilities that are primarily consumer debts. *See* Summary of Schedules. Of this amount, $70,832.77 constitutes unsecured nonpriority debt. *See* Schedule F. The Debtor identified $396,494.03 in assets derived predominantly from two items: a residence valued at $375,000.00; and a 401(k) valued at $17,384.03. *See* Schedules A and B, respectively.

The Debtor is employed by UGS Corporation as an applications engineer where he has worked for seven years. According to his amended schedules, his gross monthly income is $6,862.64 for an annual gross income of $82,351.68. *See* Amended Schedule I, Line 1. Other than taxes and insurance, the Debtor identified one other deduction from his monthly salary: $422.34 for repayment of a 401(k) loan. *See* Amended Schedule I, Line 4.d. After these deductions, his net monthly income is $4,283.64. *See* Amended Schedule I, Line 6.

Amendments to the Debtor's Schedule J expenses include the following reductions: monthly mortgage payment reduced from $2,432.51 to $1,400.00 and the elimination of a second mortgage payment of $375.00 to $0.00. These changes result in a monthly savings of $1,407.51. Significantly, however, he also amended his monthly expenses to reflect the following increases: utilities increased from $335.00 to $461.00, food and clothing increased from $405.00 to $641.00, and transportation costs increased from $225.00 to $368.00. These modifications total $505.00.

Due to the removal of the Debtor's income from commissions[1], the savings made available by reductions for housing expenses were completely offset by the increased expenses reported. Therefore, Debtor's amended Schedule J indicates that no disposable income is available after monthly expenses.

\* \*

The dispositive issue presented before this Court is whether payments on a 401(k) retirement loan are permissible exclusions from disposable income for determining whether a debtor's financial situation is reflective of an abusive Chapter 7 bankruptcy filing under the totality of the circumstances test.

\* \* \*

The Trustee asserts that the Debtor's case should be dismissed because under the totality of the circumstances, granting a Chapter 7 discharge in this case would constitute an abuse pursuant to 11 U.S.C. § 707(b)(3). Although this Court determined that the presumption of abuse does not arise pursuant to § 707(b)(2) of the Bankruptcy Code, the Trustee contends that, under the totality of the circumstances, the Debtor is an above-median income debtor with a stable income who has an ability to pay creditors over 60 months out of future earnings. The Trustee argues that the Debtor chooses to direct $422.34 of his disposable income into a voluntary 401(k) plan, which is an impermissible exclusion from a debtor's disposable income. He states that contributing to a savings account, while seeking discharge of debts, constitutes an abuse under the totality of the circumstances and warrants dismissal pursuant to 11 U.S.C. § 707(b)(3).

The Debtor opposes the relief sought by the Trustee. He states that he experienced difficult changes in his circumstances surrounding his bankruptcy petition. He argues that a contentious divorce led him to file for bankruptcy. Then, within months of the Petition Date, he was relocated to Austin, Texas by his employer. Since moving to Texas, he contends that his monthly income has decreased, yet he has more expenses due to the higher cost of living there. He acknowledges that if his 401(k) payments ceased, he would have disposable income of $342.98 per

---

**1.** The removal of the Debtor's income from commissions results in a $373.76 difference in monthly income with an accompanying increase in tax of $184.24 for a total reduction of $558.00 in net monthly income.

month. He is uncertain what income tax consequences would arise as a result.

\* \* \* \* \* \*

Section 707 of the Bankruptcy Code provides for dismissal of a Chapter 7 case or conversion to a case under Chapter 11 or 13. A case is dismissed where a court finds that the granting of relief would constitute an abuse of the bankruptcy process.

■ If the presumption of abuse does not arise or is rebutted, then the court considers the totality of the circumstances pursuant to 11 U.S.C. § 707(b)(3), which provides, in pertinent part:

(b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)) to any qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)).

\* \* \*

(3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider—

(A) whether the debtor filed the petition in bad faith; or

(B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse. *11 U.S.C. § 707(b)*. A trustee seeking dismissal of a debtor's bankruptcy case under § 707(b)(3) bears the burden of proof by a preponderance of the evidence. *In re Oot,* 368 B.R. 662, 665 (Bankr.N.D.Ohio 2007).

\* \* \* \* \* \*

Pursuant to § 707(b)(3) of the Bankruptcy Code, a debtor's case may be dismissed for abuse upon either bad faith or where the totality of the circumstances of a debtor's financial situation demonstrates abuse. *11 U.S.C. § 707(b)(3)*. The Trustee has not made allegations that the Debtor's case was filed in bad faith. Therefore, the totality of the circumstances is the sole basis upon which the dispositive issue is determined.

The Bankruptcy Code does not define the term "totality of the circumstances". However, two pre-BAPCPA Sixth Circuit Court of Appeals decisions, *Behlke v. Eisen (In re Behlke),* 358 F.3d 429 (6th Cir. 2004) and *In re Krohn,* 886 F.2d 123 (6th Cir.1989), provide guidance on the totality of the circumstances basis for dismissal under § 707(b). Among the factors to be considered in deciding whether the totality of the circumstances warranted a dismissal of a debtor's case under § 707(b), the *Krohn* court opined:

A court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease. Other factors relevant to need include whether the debtor enjoys a stable source of

future income, whether he is eligible for adjustment of his debts through Chapter 13 of the Bankruptcy Code, whether there are state remedies with the potential to ease his financial predicament, the degree of relief obtainable through private negotiations, and whether his expenses can be reduced significantly without depriving him of adequate food, clothing, shelter and other necessities. *In re Krohn,* 886 F.2d at 126; *accord Behlke v. Eisen,* 358 F.3d at 435.

▌ In determining whether the totality of the circumstances of a debtor's financial situation demonstrates abuse pursuant to § 707(b)(3), a court should consider if a debtor has the ability to pay his unsecured debt through a Chapter 13 plan. *See, In re Pak,* 343 B.R. 239, 246 (Bankr. N.D.Cal.2006); *In re Richie,* 353 B.R. 569, 575–76 (Bankr.E.D.Wis.2006). Courts examine a debtor's disposable income to determine whether he has the ability to pay unsecured debt. *Behlke v. Eisen,* 358 F.3d at 435. Herein, it is undisputed that the Debtor would have $342.98 per month in disposable income if his voluntary 401(k) payments ended.

Additionally, the Debtor is gainfully employed and has been for a period of seven years. He earns an above-median income for his family size and geographical location. Neither his age or health has been raised as a mitigating factor relative to his voluntary 401(k) participation. *See In re Mills,* 246 B.R. 395, 401–02 (Bankr. S.D.Cal.2000) (allowing contributions to a 401(k) to be excluded from disposable income where the debtor is near the age of retirement or in poor health and has no other savings).

Furthermore, it is widely held that, in the context of bankruptcy proceedings, a debtor cannot make voluntary payments toward a retirement savings plan in order to reduce his or her reported disposable income. *See Behlke v. Eisen (In re Behlke),* 358 F.3d 429, 435 (6th Cir.2004); *Anes v. Dehart (In re Anes),* 195 F.3d 177, 180–81 (3d Cir.1999); *In re Thompson,* 370 B.R. 762, 771 (N.D.Ohio 2007); *In re Glenn,* 345 B.R. 831, 838 (Bankr.N.D.Ohio 2006); *In re Austin,* 299 B.R. 482, 486–87 (Bankr.E.D.Tenn.2003); *In re Regan,* 269 B.R. 693, 696–97 (Bankr.W.D.Mo.2001); *In re Cox,* 249 B.R. 29, 32 (Bankr.N.D.Fla. 2000); *In re Cohen,* 246 B.R. 658, 665–67 (Bankr.D.Colo.2000); *In re Heffernan,* 242 B.R. 812, 818 (Bankr.D.Conn.1999); *In re Rodriguez,* 228 B.R. 601, 604 (Bankr. W.D.Va.1999); *In re Watkins,* 216 B.R. 394, 396 (Bankr.W.D.Tex.1997); *In re Bicsak,* 207 B.R. 657, 661–62 (Bankr.W.D.Mo. 1997); *In re Fulton,* 211 B.R. 247, 250–51 n. 1 (Bankr.S.D.Ohio 1997). Pre–BAPCPA, the *Behlke* court set forth the Sixth Circuit precedent that voluntary contributions to a 401(k) or other retirement plan and loan repayments for these types of accounts cannot be deducted from the debtor's disposable income because, "it would be unfair to the creditors to allow the Debtors in the present case to commit part of their earnings to the payment of their own retirement fund while at the same time paying their creditors less than a 100% dividend." *Behlke v. Eisen,* 358 F.3d at 435. Since BAPCPA became effective, the court in *In re Woody* agreed with the numerous pre-BAPCPA decisions finding it improper for payments towards a future retirement savings plan to be made from disposable income that should be used to pay pre-existing creditors. *In re Woody,* 494 F.3d 939, 952 (10th Cir. 2007).

Black's Law Dictionary defines a 401(k) plan as "a retirement and savings plan that allows an employee to elect to have a portion of his or her pretax salary contributed to a defined contribution plan." *Black's Law Dictionary* 564 (8th ed.2004).

 

Participation in a 401(k) plan is entirely voluntary. Moreover, repayment on a 401(k) loan is the equivalent of a contribution. As one court described,

> A 401(k) loan is a loan from oneself to oneself. There is no meaningful difference between 401(k) loan repayment and contribution. There is an inherent unfairness in permitting a debtor to pay himself by funding his own retirement account while paying creditors only a fraction of their just claims.

*In re Keating*, 298 B.R. 104, 110–111 (Bankr.D.Mich.2003) (citations omitted). Herein, the Debtor contributes $422.34 of his $6,862.64 monthly salary to fund his 401(k) retirement savings account at the expense of his creditors. His $422.34 monthly contribution represents over 6% of his salary.

■ Having considered the totality of the circumstances in this case, including: the Debtor's relative age, general health, above-median salary, job stability, and his 401(k) plan, the Debtor has the ability to pay a meaningful amount of his consumer debt with relative ease from future income. "Chapter 7 is not a device to be used by a debtor to secrete a meaningful stream of income to the detriment of their general unsecured creditor body." *In re Glenn*, 345 B.R. 831, 838 (Bankr.N.D.Ohio 2006) (held that a $488.55 repayment on a 401(k) loan was disposable income from which to repay creditors). Permitting the Debtor to pay into his 401(k) retirement savings account while relieving him of his debt would be an abuse of the bankruptcy process.

\*  \*  \*  \*  \*  \*

Accordingly, it is hereby determined that granting the Debtor relief under Chapter 7 of the Bankruptcy Code would constitute abuse under the totality of the circumstances. Thusly, the Trustee's Motion is granted pursuant to § 707(b)(3), and the Debtor's case is hereby dismissed. The Debtor's objection is overruled. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

### *JUDGMENT*

A Memorandum of Opinion and Order having been rendered by the Court in this matter, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that granting the Debtor relief under Chapter 7 of the Bankruptcy Code would constitute abuse under the totality of the circumstances. Thusly, the Trustee's Motion is granted pursuant to § 707(b)(3), and the Debtor's case is hereby dismissed. The Debtor's objection is overruled. Each party is to bear its respective costs.

**IT IS SO ORDERED.**